Filed 3/16/22  DeNike v. Mathew Enterprise CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TIMOTHY DENIKE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MATHEW ENTERPRISE, INC.,<br><br>Defendant and Appellant. | H046718<br>(Santa Clara County<br>Super. Ct. No. CV273438) |

Mathew Enterprise, Inc., doing business as Stevens Creek Chrysler Jeep Dodge (SCJ), appeals from a postjudgment order awarding attorney fees to Timothy DeNike after a jury found in DeNike's favor on causes of action for violations of the Consumers Legal Remedies Act (CLRA) (Civ. Code, § 1750 et seq.),[1] violations of the Song-Beverly Consumer Warranty Act (Song-Beverly Act) (§ 1790 et seq.), and for intentional misrepresentation.[2]  Before awarding attorney fees, the trial court issued a permanent injunction against SCJ based on its independent findings that SCJ violated the CLRA.

For the reasons set forth below, we reverse the order awarding attorney fees and remand the matter to the trial court for further proceedings.

---

[1] Unspecified statutory references are to the Civil Code.

[2] SCJ separately appealed from the judgment and we issue our published opinion in that case concurrently.  (*DeNike v. Mathew Enterprise*, *Inc*. (Mar. 16, 2022, H046420) __ Cal.App.5th __ (*DeNike*).)

## I.    FACTUAL AND PROCEDURAL BACKGROUND

We refer to the facts and procedural background set forth in detail in this court's published opinion, filed concurrently.  (*DeNike*, *supra*, __ Cal.App.5th __.)[3]  We discuss here only those facts and background relevant to the specific issues in this appeal.

In 2014, DeNike purchased a new Jeep Wrangler, with a hardtop, from SCJ.  DeNike believed, and SCJ led him to believe, that the hardtop had been installed at the factory.  When DeNike subsequently learned that the vehicle was in fact manufactured with a soft top and the hardtop had been installed afterwards, he sought to return it.

DeNike filed a complaint against SCJ alleging violations of the CLRA, fraud by intentional misrepresentation and/or concealment, and violations of the Song-Beverly Act.  DeNike also sent SCJ a CLRA demand letter.  In response, SCJ offered to rescind the contract, take back the vehicle, pay off the financing, refund any payments made by DeNike, and pay his incidental and consequential damages, as well as attorney fees and costs.

Unable to reach an agreement, principally on the issue of attorney fees, the matter went to trial.  The trial court ruled that DeNike's claims for damages under the CLRA were barred because SCJ's correction offer was appropriate, but allowed the jury to decide DeNike's cause of action for restitution under the CLRA.  The jury found that SCJ:  (1) violated the CLRA; (2) made an intentional misrepresentation to DeNike; (3) did not commit fraud by concealment; and

---

[3] Our summary of the facts and procedural background is drawn from the clerk's transcript and reporter's transcript filed in this appeal, as well as from the record in the concurrent appeal.  (*DeNike*, *supra*, __ Cal.App.5th __.)  On our own motion, we take judicial notice of the latter record.  (Evid. Code, §§ 452, subd. (d)(1), 459; see *Stephenson v. Drever* (1997) 16 Cal.4th 1167, 1170, fn. 1.)

(4) violated the Song-Beverly Act. The jury determined DeNike was entitled to an award of $36,192.79.[4]

The trial court then granted DeNike's request for a permanent injunction under the CLRA, noting that its decision was based on its own independent concurrence with the jury's conclusions that SCJ had committed specific violations of the CLRA.

DeNike moved for an award of attorney fees, costs and expenses on the CLRA and Song-Beverly Act causes of action. SCJ opposed the motion arguing that DeNike was not entitled to such fees, or alternatively, that any award be reduced because it had made an appropriate offer of correction under the CLRA. SCJ further argued that the requested fees were not reasonable or necessary, and that the trial court should apply a negative multiplier to the request for fees.

Following a hearing, the trial court found that DeNike's "justified, reasonable, and necessary" attorney fees were $270,769.50, the "request for a multiplier of 1.5 [was] appropriate, justified, and reasonable under the circumstances of this case." The trial court awarded DeNike attorney fees totaling $406,154.25.

SCJ timely appealed.

## II.    DISCUSSION

We begin by noting that both parties agree that, if the underlying judgment is reversed in SCJ's related appeal from the judgment, the award of attorney fees must also be reversed. (See *Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284 [award of attorney fees to the party prevailing will not stand after reversal of the judgment].)

---

[4] The jury awarded identical amounts to DeNike under each of the three causes of action on which he prevailed.

In light of our reversal of the judgment which vacates the CLRA jury verdict, the only question remaining is what directions, if any, we will provide to the trial court on remand with respect to attorney fees.

SCJ argues that the trial court's conclusion that it made an appropriate correction offer under the CLRA also operates to bar *any* award of attorney fees, citing *Benson v. Southern California Auto Sales, Inc.* (2015) 239 Cal.App.4th 1198 (*Benson*). According to SCJ, because DeNike did not obtain any relief beyond what he would have obtained had he accepted SCJ's offer of correction, he is not entitled to fees under his other theories of relief. We disagree.

SCJ relies on *Benson* as barring any award of attorney fees, regardless of the theory of recovery, where an appropriate CLRA correction offer is made. It is true that *Benson* holds that where "a suit for damages cannot be maintained under the CLRA because a merchant offered an appropriate correction in response to a consumer's notice, then a plaintiff cannot collect attorney fees for such a suit." (*Benson*, *supra*, 239 Cal.App.4th at p. 1212.) In *Benson*, the underlying complaint included several other causes of action, including a cause of action for violation of the Song-Beverly Act. In affirming the trial court's order denying the plaintiff's motion for attorney fees under the CLRA, the court adopted the trial court's description of those other claims for relief as being " 'inextricably intertwined with the CLRA claim and based on the same conduct.' " (*Benson*, *supra*, at p. 1210.)

To the extent SCJ reads *Benson* as precluding an award of attorney fees under the Song-Beverly Act as well as the CLRA, that reading is based on dicta.[5] After obtaining a stipulated judgment against the defendant, the plaintiff in *Benson*

---

[5] " 'Dicta consists of observations and statements unnecessary to the appellate court's resolution of the case.' " (*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1158.)

4

sought attorney fees *only* under the CLRA and the Automobile Sales Finance Act (ASFA) (§ 2981 et seq.), *not* the Song-Beverly Act.[6] (*Benson*, *supra*, 239 Cal.App.4th at p. 1205.) Consequently, the trial court in *Benson* did not rule on plaintiff's entitlement to an award of attorney fees under the Song-Beverly Act, and thus that question was not before the appellate court.

Furthermore, we need not rely on the Song-Beverly Act as an independent basis for attorney fees in this case because DeNike obtained relief under the CLRA pursuant to his request for injunctive relief. Even if we were to follow *Benson*'s dicta that an appropriate correction offer under the CLRA operates to bar an award of attorney fees based on a violation of the Song-Beverly Act, the *Benson* court itself expressly declined to address if and when a plaintiff may obtain an award of attorney fees based on a request for injunctive relief under the CLRA. (*Benson*, *supra*, 239 Cal.App.4th at p. 1213.)

As discussed in the related appeal from the underlying judgment, we agree that DeNike's claim for restitution under the CLRA was barred as a consequence of the trial court finding that SCJ's correction was appropriate. (*DeNike*, *supra*, __ Cal.App.5th __.) However, because the trial court independently concluded, in ruling on DeNike's request for injunctive relief, that SCJ violated the CLRA, DeNike was entitled to seek his fees under that statute.

As a result, we will not direct the trial court to reconsider its ruling on DeNike's motion for attorney fees on remand.

---

[6] On appeal, the plaintiff in *Benson* did not brief—and was deemed to have waived—any argument that he was entitled to fees under the ASFA. (*Benson*, *supra*, 239 Cal.App.4th at p. 1209, fn. 8.)

### III.  DISPOSITION

The order is reversed and the matter remanded to the trial court.  On entry of a new judgment as directed in the related appeal, the trial court shall reenter its original award of attorney fees.  DeNike shall recover his costs on appeal.

_____
                                        Wilson, J.


WE CONCUR:


_____
            Elia, Acting P.J.


_____
            Danner, J.


DeNike v. Mathew Enterprise, Inc.
H046718